**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**DEVANTAE A. MOORE #211724**                                      **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 2:17-cv-146-KS-MTP**

**GLORIA STEVENS and RANDY JOHNSON**                          **DEFENDANTS**

<u>**REPORT AND RECOMMENDATION**</u>

THIS MATTER is before the Court on Defendants' Motion [28] for Summary Judgment.

Having carefully considered the Motion and the applicable law, the undersigned recommends

that the Motion [28] be granted.

**FACTUAL BACKGROUND**

Plaintiff Devante Moore, proceeding *pro se* and *in forma pauperis*, was a pretrial

detainee at the Jasper County Jail ("JCJ") when the events giving rise to this lawsuit occurred.

Comp. [1].  Plaintiff filed this lawsuit on August 22, 2017 alleging constitutional violations

relating to the conditions of his confinement and denial of medical care.[1]  Specifically, Plaintiff

claims "black mold" was growing in the showers and the air vents of the jail.  Order [24] at 2.

Plaintiff alleges that he told Gloria Stevens about the mold issue, but she only communicated the

alleged problem to Sherriff Randy Johnson.  Plaintiff claims Defendant Jonson visited his cell

but stated the mold was just mildew and not black mold, as Plaintiff claimed.  *Id*.  The substance

was cleaned by JCJ but returned in a few days.  Mot. [28], Ex. A at 13.

Plaintiff further claims that the black mold exacerbated his preexisting asthma issues.  He

allegedly told Defendant Stevens he needed to see a doctor, but she did not provide medical care

---

[1] An omnibus hearing was held in this matter on July 2, 2018.  Plaintiff's claims were screened, and the only surviving claims relate to the alleged "black mold" in JCJ and the alleged denial of medical care.  *See* Order [24]; *see also Flores v. Livingston*, 405 Fed. App'x 931, 932 (5th Cir. 2010) (stating that allegations made at a *Spears* hearing supersede the claims alleged in the complaint).

and instead told him that it was the Mississippi Department of Corrections' responsibility to provide him medical care.  Order [24] at 2.  Plaintiff claims that his breathing issues continue even though he is no longer housed at JCJ.  *Id.*

Defendants filed their Motion [28] for Summary Judgment on October 5, 2018.  Plaintiff has not filed a response and the time to reply has long since run.  The matter is now ripe for consideration.

## ANALYSIS

### *Summary Judgment Standard*

The undersigned has considered the Motion [28] under the summary judgment standard. "[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).   The Court must view the evidence in the light most favorable to the non-moving party.  *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).  If the moving party meets its burden, the "nonmovant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof."  *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1122 (5th Cir. 1988).  In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Id.* at 1075 (emphasis omitted).  "It is improper for the district court to 'resolve factual disputes by weighing conflicting evidence, … since it is the province of the jury to assess the probative value of the

evidence.'" *McDonald v. Entergy Operations, Inc.*, 2005 WL 2474701, at *3 (S.D. Miss. Apr. 29, 2005) (quoting *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980)).

### *Failure to Exhaust*

Defendants argue that Plaintiff did not exhaust the administrative remedies available to him before filing suit. Defendant Stevens submitted her own affidavit along with the Motion for Summary Judgment. *See* Mot. [28], Ex. D at 1-2. Defendant Steven swears in her affidavit that "[i]n 2016 and 2017, Jasper County had an administrative remedy program in place, by which inmates could submit written complaints, referred to as grievances, regarding conditions at the jail… Inmates receive a copy of this policy upon being booked into the jail." *Id*.

It is Defendants' position that Plaintiff did not avail himself of the grievance system in place at JCJ. Defendants point to the jail record submitted along with the Motion for Summary Judgment. *See* Mot. [28], Ex. D. Plaintiff filed a single grievance while at JCJ on August 22, 2017 asking that the jail stop serving him peanut-butter sandwiches because they made him sick. *Id*. at 4. Plaintiff testified at his omnibus hearing that he filed a grievance related to the mold, but this grievance is not in the record and no further detail has been provided by Plaintiff. Mot. [28], Ex. A at 16. The record does not contain any grievance forms relating to the alleged mold or the alleged denial of medical care for which Plaintiff brought this lawsuit.

The Prison Litigation Reform Act ("PLRA") mandates that prisoners exhaust all administrative remedies available to them before filing suit. 42 U.S.C. § 1977e(a). The exhaustion requirement of the PLRA applies to pre-trial detainees, which Plaintiff was at the time of the alleged injuries. *Moore v. St. Tammany Parish Jail*, 113 Fed. App'x 585, 586 (5th Cir. 2004) (affirming the dismissal of a pre-trial detainee's 42 U.S.C. § 1983 lawsuit because he failed to exhaust the available administrative remedies). "[F]ederal law forbids prisoner's from

3

bringing a § 1983 suit with respect to prison conditions 'until such administrative remedies as are available are exhausted.'" *Porter v. Peterson*, 747 Fed. App'x 247, 247 (5th Cir. 2019) (quoting 42 U.S.C. § 1997e(a)). "District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint… and the case must be dismissed if available administrative remedies were not exhausted." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

The unrebutted summary judgment evidence establishes that JCJ had a grievance process in place during the relevant time and that Plaintiff did not file any grievances related to mold or denial of medical care. The PLRA mandates that Plaintiff's claims against both Defendant Stevens and Defendant Johnson be dismissed for a failure to exhaust his administrative remedies.

### *Qualified Immunity*

Defendants further argue that even if Plaintiff had exhausted his administrative remedies or in some way did exhaust in the future, they would still be immune from this suit under the doctrine of qualified immunity. "Police officers, like other public officials acting within the scope of their official duties, are shielded from claims of civil liability, including § 1983 claims, by qualified immunity." *Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743, 753 (5th Cir. 2001). "Qualified immunity attaches when an official's conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (quoting *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015)). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

A qualified immunity analysis requires a court to consider two questions: (1) has the plaintiff alleged a constitutional violation and (2) was that constitutional right clearly established

at the time of the defendant's alleged conduct? *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (maintaining the two-step inquiry relating to qualified immunity but giving district courts the discretion to address the questions in the order that is most efficient).  Defendants assert that Plaintiff has not alleged constitutional violations for which relief can be granted and his claims should therefore be dismissed.  Plaintiff has not responded to this argument.

Mold Claim

Plaintiff alleges that Defendant Stevens and Defendant Johnson violated his constitutional rights by confining him in a facility where he was allegedly exposed to black mold.  Plaintiff testified at his omnibus hearing that he reported the black mold to Defendant Stevens who then communicated the concern to Defendant Johnson.   The mold was inspected by Defendant Johnson who concluded that the substance was actually mildew and had the substance cleaned. Mot. [28], Ex. A at 13.  Plaintiff then testified that despite the cleaning efforts of JCJ the substance returned in a few days.  *Id.*   Defendants argue that these factual assertions do not give rise to a constitutional violation.

JCJ held Plaintiff as a pretrial detainee during the time at issue.  "The constitutional rights of a pretrial detainee… flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment."  *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996). "The State cannot punish a pretrial detainee."  *Id*.  To determine the appropriate standard to apply the Court must consider if Plaintiff is alleging a constitutional violation based on the condition of his confinement or an episodic act or omission.  *Estate of Henson v. Wichita County, Tex.*, 795 F.3d 456, 462 (5th Cir. 2015).  "A challenge to a condition of confinement is a challenge to 'general conditions, practices, rules, or restrictions of pretrial confinement."  *Id*. at 463 (quoting *Hare*, 74 F.3d at 644).

5

Plaintiff's claim regarding mold falls under a challenge to a condition of confinement. This Court must consider if the condition complained about is reasonably related to a legitimate governmental objective. *Id*. "[T]he Government… may detain [a pretrial detainee] to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Bell v. Wolfish*, 441 U.S. 520, 536-37 (1979).

Defendants argue that Plaintiff's constitutional rights were not violated in relation to his mold claim because Plaintiff has not provided any evidence that he was exposed to a harmful type of mold. Defendants cite to numerous cases holding that the presence of mold in a jail, on its own, does not rise to the level of a constitutional violation.[2]

Plaintiff's mold claims do not rise to the level of a constitutional violation. Plaintiff has not responded to the Motion for Summary Judgment [28] and has not demonstrated how this "black mold" functioned as a punishment or was intended to be punitive. *See Lee v. Hennigan*, 98 Fed. App'x 286 (5th Cir. 2004) (affirming dismissal of civil rights lawsuit where Plaintiff failed to allege the shower design was punitive and not reasonably related to a legitimate governmental objective). A claim "that the bathroom and shower area are unsanitary and contain black mold fails to rise to the level of a constitutional violation." *Eaton*, 2012 WL 2459398, at *5. "The mere fact that there is mold, mildew, or fungus does not warrant relief." *Clark*, 2012 WL 1825306, at *5. Indeed, "[t]he Constitution does not require that prisons be completely sanitized or as clean or free from potential hazards as one's home might be." *McAllister v. Strain*, 2009 WL 5178316, at *3 (E.D. La. Dec. 23, 2009). Because Plaintiff has only alleged the

---

[2] *See Eaton v. Magee*, 2012 WL 2459398 (S.D. Miss. June 27, 2012); *McCarty v. McGee*, 2008 WL 341643 (S.D. Miss. Feb. 5, 2008); *Bernhart v. Gusman*, 2015 WL 9581319 (E.D. La. Nov. 17, 2015); *Clark v. Gusman*, 2012 WL 1825306 (E.D. La. Mar. 29, 2012).

presence of mold and has not demonstrated how it was punitive in nature or otherwise caused him any damage, his claim fails.

<u>Denial of Medical Care Claim</u>

Defendants further argue that Plaintiff cannot establish a constitutional violation regarding the alleged denial of medical care. As to an episodic act, such as an alleged denial of medical care, a pretrial detainee must demonstrate that a state actor proceeded with subjective deliberate indifference to create constitutional liability on the part of the defendants. *Hare*, 74 F.3d at 643. To establish a denial of medical care claim, a plaintiff must show that the defendant acted with deliberate indifference to the Plaintiff's *serious medical needs*, constituting the unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). In order to overcome a motion for summary judgment, the plaintiff must provide "summary judgment evidence establishing that [his] medical needs were serious." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 526 (5th Cir. 1999) (affirming grant of summary judgment when plaintiff did not submit medical reports or expert testimony demonstrating seriousness of medical ailments). "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n. 12 (5th Cir. 2006) (citing *Hill v. Dekalb Regional Youth Detention Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994)).

In the present case, Plaintiff claims that the mold at JCJ exacerbated his existing respiratory issues. Mot. [28], Ex. A at 14. He alleges that he communicated these health issues to Defendant Stevens, but she responded that it was not her responsibility to take him to the doctor. *Id.* Defendants do not address whether Plaintiff asked Defendant Stevens to see a doctor, but they do note that Plaintiff indicated, on both occasions he was booked into JCJ, that

he did not have respiratory problems when he filled out the jail's medical screening questionnaire. Mot. [28], Ex. D at 25-26, 38-39.

While it is disputed whether Defendant Stevens failed to respond to Plaintiff's request for medical care, the undersigned finds that the factual dispute is not material because Plaintiff has failed to demonstrate that his asthma was a serious medical issue. Plaintiff has not presented any competent summary judgment evidence that he exhibited any physical symptoms from which Defendant Stevens could have inferred a serious problem. *See Frahm v. Refugio County, Tex.*, 2014 WL 198314, at *4 (S.D. Tex. Jan. 14, 2014) (granting summary judgment for defendants when prisoner did not exhibit physical symptoms of injury). Moreover, the Fifth Circuit has held that a woman wheezing and experiencing shortness of breath in front of officers did not indicate that she had a serious medical need. *Olabisiomotosho,* 185 F.3d at 527. The record reflects that Plaintiff did not show physical symptoms of his respiratory issues while at JCJ. Plaintiff's ailment did not rise to the level of a serious medical need and summary judgment should also be granted in favor of Defendants on Plaintiff's denial of medical care claim.

### *Monell Claims*

Defendants further move for summary judgment on any claims Plaintiff has brought against Defendants in their official capacities. The record reflects that Plaintiff sued Defendant Stevens and Defendant Johnson in their individual capacities. Comp. [1]. Even if the Court liberally construes the remaining claims to consider municipal liability, Plaintiff's claims would also fail on that cause of action because he not demonstrated a constitutional violation, as previously discussed. *See Zarnow v. Wichita Falls, Tex.*, 614 F.3d 161, 167 (5th Cir. 2010) (holding that "[m]unicipal liability requires deliberate action attributable to the municipality that is the direct cause of the *alleged constitutional violation*.") (emphasis added).

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that the Motion [28] be granted and this matter be dismissed with prejudice.

## RIGHT TO OBJECT

In accordance with the rule and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations of the magistrate judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1428-29 (5th Cir. 1996).

THIS the 12th day of April, 2019

s/ Michael T. Parker
United States Magistrate Judge